BS_Answer_Eric_Osborn.doc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                             :          **ECF CASE**

**SCHOLZ DESIGN, INC.,**

                                             :          **07 CV 11045 (WCC)**

                        **Plaintiff,**

            -against-                      :          **ANSWER**

**KEVIN MAHER, et al.,**                        :          **(Jury Demand)**

                        **Defendants.**
---------------------------------------------------------------x

      **Carl E. Person**, appearing on behalf of the Defendant, **Eric Knute Osborn** (hereinafter, "Defendant" or "Osborn"), respectfully alleges as and for the Defendant's **Answer** to the Plaintiff's Complaint:

      1.     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 1 of the Complaint.

      2..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 2 of the Complaint.

      3..    ADMITS each of the allegations in ¶ 3 of the Complaint.

      4..    ADMITS each of the allegations in ¶ 4 of the Complaint.

      5..    ADMITS each of the allegations in ¶ 5 of the Complaint.

      6..    ADMITS each of the allegations in ¶ 6 of the Complaint as to Osborn, but denies having information sufficient to form a belief as to the truth or falsity of the other allegations in said paragraph as to the other defendants.

      7..    ADMITS each of the allegations in ¶ 7 of the Complaint.

8..     ADMITS each of the allegations in ¶ 6 of the Complaint as to Osborn, but denies having information sufficient to form a belief as to the truth or falsity of the other allegations in said paragraph as to the other defendants.

9..     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second paragraph of ¶ 9 of the Complaint, but ADMITS each of the other allegations in said paragraph.

10..    ADMITS that Scholz has an interest in architectural designs and drawings relating to a Kimbleton design, but DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph ¶ 10 of the Complaint.

11..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 11 of the Complaint, except ADMITS that Scholz is the current claimant in the copyright a copy of which is annexed to the complaint.

12..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 12 of the Complaint.

13..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 13 of the Complaint.

14..    DENIES each of the allegations set forth in ¶ 14 of the Complaint, except ADMITS that copies of two color photographs of parts of the House are attached as Exhibit C to the Complaint.

15..    DENIES each of the allegations set forth in ¶ 15 of the Complaint.

16..    DENIES each of the allegations set forth in ¶ 16 of the Complaint.

17..    DENIES each of the allegations set forth in ¶ 17 of the Complaint.

18..    DENIES each of the allegations in ¶ 18 of the Complaint.

19..    DENIES each of the allegations set forth in ¶ 19 of the Complaint.

20..    DENIES each of the allegations set forth in ¶ 20 of the Complaint.

## AFFIRMATIVE DEFENSES

### 1st Affirmative Defense

21..    Portions of the work subject to Plaintiff's copyright are functional and generic and expected to be in any plans for a building or house.

### 2nd Affirmative Defense

22..    Any use by any of the defendants of any part of the Plaintiff's copyrighted work was fair use and not infringing of such copyright.

### 3rd Affirmative Defense

23..    Defendant's plans are not substantially similar to the work subject to Plaintiff's copyright.

### 4th Affirmative Defense

24..    Unconstitutionality of statutory damages of $150,000 (maximum), as provided by 17 U.S.C. § 504, to the extent statutory damages exceed three times the amount of defendant's profits or sales derived from any illegal use of Plaintiff's copyrighted work.

### 5th Affirmative Defense

25..    Unconstitutionality of statutory attorneys' fees to the extent they exceed three times the amount of defendant's profits or sales derived from illegal use of Plaintiff's copyrighted work.

### 6th Affirmative Defense

26.. Unconstitutionality of statutory attorneys' fees to the extent they are unreasonable in relation to the dollar amount of the Defendant's liability for actual damages.

### 7th Affirmative Defense

27.. Insufficient and/or improper service of process.

### 8th Affirmative Defense

28.. Failure to state a claim.

### 9th Affirmative Defense

29.. *De minimis* as to Plaintiff's alleged monetary damages.

### 10th Affirmative Defense

30.. Laches as to Plaintiff's alleged claim for equitable relief.

### Jury Demand

Defendant hereby demands a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER

**WHEREFORE**, the Defendant respectfully requests that the Complaint be dismissed with costs and disbursements and attorneys' fees, and with such other and further relief as this Court may deem just and proper.

**Dated:** **New York, New York**
           **January 7, 2008**

           */s/ Carl E. Person*

           _____

           **Carl E. Person   (CP  7637)**
           **Attorney for Defendant,**
             **Eric Knute Osborn**
           **325 W. 45th Street - Suite 201**
           **New York, New York 10036-3803**
           **(212) 307-4444**

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing

## ANSWER

was served on the attorney for Plaintiff by causing the same to be delivered by first class mail, postage pre-paid to:

> **Frank J. Ciano, Esq.**
> **Michael D. Shalhoub, Esq.**
> **GOLDBERG SEGALLA LLP**
> **170 Hamilton Avenue - Suite 203**
> **White Plains NY  10601-1717**
>
> **James L. Rogers, Esq.**
> **Tiffany E. Courtney, Esq.**
> **EASTMAN & SMITH, LTD.**
> **One SeaGate, 24th Floor**
> **P.O. Box 10032**
> **Toledo OH  43699-0032**

**Dated:   January 7, 2008**

_____
          **Carl E. Person**