UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SCHOLZ DESIGN, INC.,

                                 Plaintiff,

        -against-

KEVIN MAHER, BLANCHARD GATE, LLC,
MBC CONTRACTORS, INC. and
ERIC KNUTE OSBORN

                               Defendants.
-------------------------------------------------------------------x

**ANSWER**

07 CIV 11045 (WCC)

    Defendants, BLANCHARD GATE, LLC and MBC CONTRACTORS, INC. (collectively "Answering Defendants"), by their attorney, STEPHEN P. MANDRACCHIA, answer plaintiff's Complaint as follows:

## THE PARTIES

    1.    Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of the Complaint.

    2.    Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of the Complaint.

    3.    Answering Defendants deny each and every allegation contained in paragraph "3" of the Complaint, except admit that Defendant Blanchard Gate is a New York limited liability company and is the record owner of premises known as Lots 4 & 14, Carlton Meadows, Stony Point, New York.

4.    Answering Defendants deny each and every allegation contained in paragraph "4" of the Complaint, except admit that Defendant MBC Contractors, Inc. is a New York corporation.

5.    Answering Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "5" of the Complaint, except admit that Defendant Eric Knute Osborn prepared architectural drawings in connection with the improvement of Lots 4 & 14, Carlton Meadows, Stony Point, New York.

## JURISDICTION AND VENUE

6.    The allegations in paragraph "6" of the Complaint are legal conclusions, to which no response is required; to the extent that a response is required, Answering Defendants deny the allegations in paragraph "6" of the Complaint.

7.    The allegations in paragraph "7" are legal conclusions, to which no response is required; to the extent that a response is required, Answering Defendants deny the allegations in paragraph "7".

8.    The allegations in paragraph "8" are legal conclusions, to which no response is required; to the extent that a response is required, Answering Defendants deny the allegations in paragraph "8".

## PLAINTIFF'S ALLEGATIONS

9.    Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of the Complaint.

10.     Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of the Complaint.

11.     Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of the Complaint.

12.     Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of the Complaint.

13.     Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of the Complaint.

14.     Answering Defendants deny each and every allegation contained in paragraph "14" of the Complaint.

15.     Answering Defendants deny each and every allegation contained in paragraph "15" of the Complaint.

16.     Answering Defendants deny each and every allegation contained in paragraph "16" of the Complaint.

17.     Answering Defendants deny each and every allegation contained in paragraph "17" of the Complaint.

18.     Answering Defendants deny each and every allegation contained in paragraph "18" of the Complaint.

19.     Answering Defendants deny each and every allegation contained in paragraph "19" of the Complaint.

20.     Answering Defendants deny each and every allegation contained in paragraph "20" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

21.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred, in whole or in part because plaintiff's claimed injuries and damages were not legally or proximately caused by any acts or omissions of Answering Defendants.

## THIRD AFFIRMATIVE DEFENSE,

23.     That the Answering Defendants have been improperly served by the plaintiff, and as such this Court lacks personal jurisdiction over the Answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE,

24.     Plaintiff's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

25.     Answering Defendant reserve the right to assert other defenses as this action proceeds.    Additional facts may become known during the course of discovery and investigation which will support defenses that currently are unknown to the Answering

Defendants. To preserve such affirmative defenses, Answering Defendants hereby incorporate by reference all of the affirmative defenses se forth in Fed.R.Civ.P.8 (c) and reserve the right to amend this Answer and to assert additional affirmative defenses or to supplement, alter, or change this Answer as discovery proceeds.

## AS AND FOR A FIRST CROSS CLAIM AGAINST DEFENDANTS KEVIN MAHER AND ERIC KNUTE OSBORN

26.     If plaintiff sustained the damages in the manner and at the time and place alleged, and if it is found that Answering Defendants are liable to plaintiff, all of which is specifically denied, then Answering Defendants are entitled to indemnification from and judgment over and against defendants Kevin Maher and Eric Knute Osborn (collectively "Co-Defendants"), for all or part of any verdict or judgment that plaintiff may recover against Answering Defendants.

## AS AND FOR A SECOND CROSS CLAIM AGAINST DEFENDANTS KEVIN MAHER AND ERIC KNUTE OSBORN

27.     Answering Defendants demand that the liability, if any, be apportioned and, therefore, Co-Defendants will be liable to Answering Defendants in the event judgment is recovered by the plaintiff in an amount equal to the excess over and above Answering Defendants' equitable share of the judgment. The equitable share of the judgment of the Answering Defendants will be determined in accordance with the relative culpability of all the defendants herein.

## AS AND FOR A THIRD CROSS CLAIM AGAINST DEFENDANTS
## KEVIN MAHER AND ERIC KNUTE OSBORN

28.    Co-Defendants represented to Answering Defendants that the design of, and any and all architectural drawings utilized in connection with, the improvement of Lots 4 & 14, Carlton Meadows, Stony Point, New York, were developed, prepared and created by Co-Defendants, that Co-Defendants were the owners of and had the right to utilize said designs and drawings, and that the use of the said designs and drawings did not infringe upon any copyrights or other rights of any third party.

29.    Accordingly, any liability of the Answering Defendants to the plaintiff as alleged in the Complaint will be the direct result of the false representations of the Co-Defendants and, as such, Answering Defendants are entitled to indemnification from and judgment over and against Co-Defendants, for all or part of any verdict or judgment that plaintiff may recover against Answering Defendants, and for Answering Defendants attorneys fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CROSS CLAIM AGAINST DEFENDANTS
## KEVIN MAHER AND ERIC KNUTE OSBORN

30.    Upon information and belief, pursuant to the agreement between the Answering Defendants and Co-Defendants, Co-Defendants must defend, indemnify and hold Answering Defendants harmless for any damages recovered by plaintiff in this action and.  Accordingly, if plaintiff recovers a verdict or judgment against Answering Defendants, Answering Defendants are entitled to indemnification from and judgment over and against Co-Defendants, for all or part of any verdict or judgment that plaintiff may recover against Answering Defendants, and for Answering Defendants attorneys fees, costs and disbursements of this action.

**WHEREFORE**, Answering Defendants pray that judgment be entered dismissing the Complaint in its entirety and that Answering Defendants be awarded the costs and disbursements of this action, and for such other and further relief as to this Court may seem just and proper.

Dated: Pearl River, New York
January 24, 2008

STEPHEN F. MANDRACCHIA (SM 7442)
Attorney for the Answering Defendants
BLANCHARD GATE, LLC and
MBC CONTRACTORS, INC.
c/o Hudson Technologies
PO Box 1541
One Blue Hill Plaza, 14th Floor
Pearl River, New York  10965
(845) 735-6000
fax (845) 512-6070

TO:

**ATTORNEYS FOR PLAINTIFF**
Frank J. Ciano, Esq. (FC-4981)
Michael D. Shalhoub, Esq. (MS-2879)
GOLDBERG SEGALLA LLP
170 Hamilton Avenue, Suite 203
White Plains, New York  10601-1717
(914) 798-5410
Fax (914) 798-5410

Of Counsel:
James L. Rogers (0039743)
Tiffany E. Courtney (0080982)
EASTMAN & SMITH LTD.
One SeaGate, 24th Floor
PO Box 10032
Toledo, Ohio  43699-0032
(419) 241-6000
Fax (419) 247-1777

**DEFENDANTS**
Kevin Maher
28 Zachary Taylor
Stony Point, NY  19080

Eric Knute Osborn
7 Joyce Plaza
Stony Point, NY  10980

STATE OF NEW YORK    )
                     ) ss
COUNTY OF ROCKLAND   )

STEPHEN P. MANDRACCHIA, an attorney duly admitted to practice law before the

Courts of the State of New York, affirms under penalty of perjury, as follows:

That on the 25th day of January, 2008, he served the within Answers upon:

GOLDBERG SEGALLA LLP
170 Hamilton Avenue, Suite 203
White Plains, New York  10601-1717

EASTMAN & SMITH LTD.
One SeaGate, 24th Floor
PO Box 10032
Toledo, Ohio  43699-0032

Kevin Maher
28 Zachary Taylor
Stony Point, NY  19080

Eric Knute Osborn
7 Joyce Plaza
Stony Point, NY  10980

the address designated by said attorney(s), and the addresses of the defendants designated by

the plaintiff in the summons and complaint for that purpose, by depositing a true copy of same

enclosed in a postpaid properly addressed envelope in an official depository and under the

exclusive care and custody of the United States Post Office within the State of New York.

Your deponent  is over the age of 18 years and resides in Warwick, New York.

Dated: Pearl River, New York
       January 24, 2008                          _____
                                                 Stephen P. Mandracchia